UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                          :
ELKYN TABARES,                            :
                                          :
                        *Petitioner*,     :
                                          :           MEMORANDUM AND ORDER
          - against -                     :
                                          :           10-CV-2636 (JG)
WILLIAM BROWN,                            :
                                          :
                                          :
                        *Respondent*.     :
-------------------------------------------------------------- X

A P P E A R A N C E S :

        ELKYN TABARES
                #06-A-3070
                Hale Creek A.S.A.T.C.A
                P.O. Box 950
                Johnstown, NY 12095
                *Petitioner, pro se*

        RICHARD A. BROWN
                Queens County District Attorney
                125-01 Queens Boulevard
                Kew Gardens, NY 11415
        By:     Kristina Sapaskis and John M. Castellano
                *Attorneys for Respondent*

JOHN GLEESON, United States District Judge:

        Elkyn Tabares petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging his April 2006 convictions after a jury trial in New York State Supreme Court,

Queens County, of criminal sale of a controlled substance in the third degree, reckless

endangerment in the first degree, and endangering the welfare of a child.  Appearing *pro se*,

Tabares seeks habeas relief on the grounds that: (1) there was insufficient evidence on which to

convict him of the reckless endangerment offense; (2) he was denied a fair trial as a result of the

prosecutor's unfavorable characterization of him during summation; and (3) he received

ineffective assistance of counsel due to his counsel's failure to make the sufficiency challenge and failure to object to the prosecutor's comments during summation. Oral argument, at which Tabares appeared by videoconference, was heard on December 1, 2010. For the reasons stated below, Tabares's petition is denied.

## BACKGROUND

A.     *The Offense Conduct*

The government's evidence at trial established that on March 23, 2005 at approximately 6:00 PM, Detective Luis Arroyo, who was acting in an undercover role, was in the vicinity of 94th Street and 40th Drive in Queens. In a conversation with an unidentified male Arroyo referred to as "JD Flaco", Arroyo arranged to buy as much cocaine as $20 would purchase. JD Flaco made a telephone call, took $20 in prerecorded buy money from Arroyo, and approached the green Blazer that arrived in response to his call. JD Flaco handed the buy money to Tabares, who was driving the Blazer. Tabares handed the money to a woman beside him in the passenger seat. He then reached down within the vehicle and handed some white paper packets to JD Flaco, who in turn walked back to Arroyo and handed him one of the paper packets.

Arroyo, who was wearing a transmitter, told his colleagues to follow the Blazer as it left the scene, and Detective Michael Donovan did so. Donovan placed a bubble light on his dashboard in an attempt to get Tabares to pull over, but it had the opposite effect: Tabares sped up on the snow-covered streets and led Donovan on a mile-long chase. Tabares, who at one point increased the speed of the Blazer up to approximately 40 miles per hour, ran several stop signs and red lights, and his driving caused other cars to swerve out of his way on the narrow,

two-way streets.  Finally, after the Blazer "skidded out," Donovan was able to block it with his own vehicle.

The prerecorded buy money was recovered from Tabares's female passenger, Margie Perez.  In the back seat there was a boy, Sebastian Munoz, who was about five to seven years old and was not wearing a seat belt.

B.      *Procedural History*

Tabares was charged with criminal sale of a controlled substance in the third degree, reckless endangerment in the first degree, and endangering the welfare of a child.  On April 24, 2006, a jury found him guilty of all counts.  He was sentenced on May 18, 2006 as a second felony offender to concurrent terms of imprisonment of nine years on the drug count, three and one-half to seven years on the reckless endangerment count, and one year on the endangering count.

Lynn W.L. Fahey, Miller's appellate counsel, contended on appeal that: (1) the evidence was insufficient to support the reckless endangerment conviction, and in any event the conviction was against the weight of the evidence; (2) there was prosecutorial misconduct in summation, which deprived Tabares of a fair trial, and trial counsel was ineffective in failing to object to it; and (3) the sentence was excessive.

On March 10, 2009, the Appellate Division, Second Department, affirmed the Supreme Court's judgment of conviction.  *People v. Taberas*, 875 N.Y.S.2d 172 (2d Dep't 2009).[1]  The court rejected the sufficiency claim as both unpreserved for appellate review and without merit, and further rejected the claim that the verdict was against the weight of the evidence.  The prosecutorial misconduct claim was also rejected both on procedural grounds and on the merits, and the ineffective assistance and excessive sentence claims were rejected on the

---

[1]      The Appellate Division's decision misspells Tabares's  name as "Taberas."

merits. *Id.* at 173. On April 30, 2009, a judge of the New York Court of Appeals denied Tabares's application for leave to appeal the Appellate Division's decision. *People v. Taberas*, 12 N.Y.3d 822 (2009) (Graffeo, J.).

Tabares's timely petition for habeas relief makes three claims. First, it challenges the sufficiency of the evidence supporting the reckless endangerment conviction. Second, it contends that prosecutorial misconduct in summation deprived Tabares of his due process right to a fair trial. Finally, the petition claims that Tabares received ineffective assistance of counsel in that trial counsel failed to object to the sufficiency of the evidence or to the prosecutor's improper comments.

## DISCUSSION

A.    *Standard of Review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") narrowed the scope of federal habeas review of state convictions where the state court has adjudicated a petitioner's federal claim on the merits. 28 U.S.C. § 2254(d). Under the AEDPA standard, the reviewing court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*[2]

The Supreme Court has interpreted the phrase "clearly established Federal law" to mean "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001). A decision is "contrary to" clearly

---

[2]    This limitation on relief is referred to as "AEDPA deference." *E.g.*, *Jimenez v. Walker*, 458 F.3d 130, 135 & n.2 (2d Cir. 2006).

established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)).

Under the "unreasonable application" standard set forth in *Williams*, "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" *Gilchrist*, 260 F.3d at 93 (quoting *Williams*, 529 U.S. at 411). Interpreting *Williams,* the Second Circuit has added that although "'[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.'" *Id.* at 93 (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

AEDPA's limited scope of review applies whenever a state court disposes of a state prisoner's federal claim on the merits and reduces its disposition to judgment, regardless of whether it refers to federal law in its decision. *See Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001).

In addition to the deference owed to state court determinations of fact under § 2254(d), subsection (e) requires that a federal habeas court presume all state court factual determinations to be correct. The petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

B.  *Tabares's Claims*

1.  *The Sufficiency of the Evidence Supporting the Reckless Endangerment Conviction*

Tabares contends that the evidence at trial was insufficient to support a finding of guilt on the charge of reckless endangerment in the first degree.

"A defendant challenging the sufficiency of the evidence supporting a conviction faces a 'heavy burden.'" *United States v. Glenn*, 312 F.3d 58, 63 (2d Cir. 2002) (quoting *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir. 1994)). A reviewing court may overturn a conviction on that basis "only if, after viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor," it determines that "'no rational trier of fact' could have concluded that the Government met its burden of proof." *Id.* (quoting *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir. 1998)). "'[T]he relevant question is whether … *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

"A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person." N.Y. Penal Law § 120.25. On direct appeal, Tabares asserted that his conduct was not so heinous as to evince beyond a reasonable doubt a depraved indifference to human life, and not so dangerous as to create a grave risk of death. In so many words, he reiterates those contentions here.

In rejecting this claim, the Appellate Division held as follows:

> [V]iewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the crime of reckless endangerment in the first degree beyond a reasonable doubt. The defendant led the police on a chase for about one mile over "slushy" and "icy" roads in the rain and snow, reaching speeds of 40 miles per hour, through a busy residential neighborhood with narrow roads. The defendant forced cars to pull over to avoid colliding with him, disregarded several traffic control devices, and stopped only when his vehicle skidded.

*People v. Taberas*, 875 N.Y.S.2d at 173 (citations omitted). The evidence at trial supports the factual recitations in that holding, and I agree with the state court's conclusion that a rational juror could have found in Tabares's conduct while fleeing arrest the requisite depraved indifference to human life and the creation of a grave risk of death. More to the point, that conclusion is not an unreasonable application of the principles set forth by the Supreme Court in *Jackson v. Virginia*. Accordingly, Tabares's sufficiency claim fails on the merits. I therefore need not address Respondent's contention that the procedural default upon which the state court relied in the alternative also bars habeas relief.

    2. *The Claim of Prosecutorial Misconduct*

        Tabares contends that he was deprived of a fair trial by the prosecutor's repeated characterization of him during summation as a drug dealer with a team of people working for him, and by her vouching for her witnesses' credibility. Though the petition does not specify the allegedly offending remarks, Tabares's brief on the direct appeal does, and I have reviewed them carefully, both in isolation and in context. The prosecutor argued that Tabares was a smart drug dealer who did not work alone. While the force of the argument was naturally limited by the fact that the case involved a single sale of only $20 of cocaine, it was based squarely and appropriately on the different roles in the offense that the evidence showed were played by Tabares, JD Flaco and Perez.

The claim that the prosecutor improperly vouched for her witnesses' credibility also finds no support in the transcript. Indeed, immediately prior to the prosecutor's summation, the trial court observed that "[d]efense counsel, in his summation, just about 100 percent attacked the entire People's case as a fabrication," and urged the prosecutor to resist the natural temptation to personally vouch for her witnesses' credibility. Tr. at 696.[3] The prosecutor complied with that admonition. Though she argued to the jury that it should believe the testimony of the witnesses defense counsel said were liars, her arguments were based on the evidence in the case. There was no sense in which she placed her own credibility in issue or implied the existence of extraneous proof that her witnesses had told the truth. *See, e.g.*, *United States v. Rivera*, 22 F.3d 430, 437-38 (2d Cir. 1994) (inappropriate for prosecutors to use phrasing that makes an issue of their own credibility or implies the existence of extraneous proof). The state court held that "the challenged comments were either fair comment on the evidence or a fair response to the defense summation." *People v. Taberas*, 875 N.Y.S.2d at 173. I agree, and thus I deny habeas relief on this ground. Once again, I need not address Respondent's additional contention that the claim was procedurally defaulted.

### 3. *The Ineffective Assistance of Counsel Claim*

Tabares asserts in his petition that his trial counsel was ineffective. The alleged ineffectiveness is premised entirely on the procedural default in state court of the claims addressed above. Specifically, on direct appeal, the Appellate Division held that Tabares's counsel had failed to preserve for appellate review either the claim that the evidence was insufficient to support the jury's verdict on the reckless endangerment count or the claim that prosecutorial misconduct in summation deprived him of a fair trial. Those failures constitute the claimed ineffectiveness in Tabares's petition for habeas relief.

---

[3] Citations to the trial transcript are preceded by "Tr."

In order to establish that his counsel was ineffective, Miller must establish that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's error, the outcome of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). The state courts and this Court have both found that the evidence was indeed sufficient to support the reckless endangerment charge and that the prosecutor's comments in summation were appropriate. Accordingly, trial counsel's failure to contend otherwise at trial cannot have amounted to deficient performance, and even if the objections had been made, they would not have altered the outcome of Tabares's trial.

## CONCLUSION

For the foregoing reasons, the petition is denied. As Tabares has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So Ordered.

John Gleeson, U.S.D.J.

Date: December 9, 2010
Brooklyn, New York